■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES BROWN, Appellant, v GARY GREENE, as Superintendent of Great Meadow Correctional Facility, Respondent. [781 NYS2d 709]—

Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered November 19, 2003 in Washington County, which, in a proceeding pursuant to CPLR article 70, dismissed the petition.

Petitioner, an inmate at a state correctional facility, made application for a writ of habeas corpus seeking release from prison. On September 24, 2003, Supreme Court signed the order to show cause which directed petitioner to serve the signed order, together with all supporting documentation, upon the Attorney General and the Washington County District Attorney by regular mail on or before October 15, 2003, and to provide the court with affidavits of service. Thereafter, petitioner informed such parties of the index number assigned to the case and served some papers, but neglected to serve a copy of the signed order

to show cause containing the return date. Consequently, Supreme Court dismissed the petition for failure to comply with the service requirements set forth in the order to show cause. This appeal ensued.

We affirm. Absent a showing that imprisonment presented an uncontrollable obstacle to proper service, the failure to follow the service requirements set forth in an order to show cause is a jurisdictional defect requiring dismissal of the petition (*see People ex rel. Watson v Walsh*, 7 AD3d 850 [2004]). Inasmuch as petitioner has made no claim that his incarceration prevented him from complying with the directives respecting service, his failure to serve a copy of the signed order to show cause mandates dismissal of the petition.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.